**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SANDLER PARTNERS, LLC, a
California limited liability company,

Plaintiff-Appellant,

v.

MASERGY COMMUNICATIONS, INC.,
a Delaware corporation,

Defendant-Appellee.

No.    20-55346

D.C. No.
2:19-cv-06841-JFW-MAA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F.  Walter, District Judge, Presiding

Argued and Submitted May 5, 2021
Pasadena, California

Before:  KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

Sandler Partners, LLC appeals the district court's dismissal of its third

amended complaint.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court erred in holding that the non-compete provision is void per se. California Business and Professions Code § 16600 provides that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The district court relied on the California Supreme Court's decision in *Edwards v. Arthur Andersen LLP*, which held that a non-compete agreement between an employee and his employer was void under Section 16600 regardless of whether it was reasonable. *See* 189 P.3d 285, 290–93 (Cal. 2008).

However, after the district court issued its decision, the California Supreme Court clarified in *Ixchel Pharma, LLC v. Biogen, Inc.* that while non-compete agreements upon the termination of employment or the sale of an interest in business are void per se, contractual provisions that restrain businesses from engaging in lawful business with other businesses must be evaluated under the rule of reason. *See* 470 P.3d 571, 581–90 (Cal. 2020). As the Court explained, businesses routinely enter into contracts that limit their ability to conduct business because "[s]uch arrangements can help businesses leverage complementary capabilities, ensure stability in supply or demand, and protect their research, development, and marketing efforts from being exploited by contractual partners."

*Id.* at 589. Therefore, a business restraint is invalid only if it "harms competition more than it helps." *Id.* at 581 (quoting *In re Cipro Cases I & II*, 348 P.3d 845, 861 (Cal. 2015)).

In light of *Ixchel*, the non-compete provision in Sandler's contract with Masergy must be evaluated under the rule of reason. This analysis is heavily factual. To determine whether a business restraint is void, a court must look to its "circumstances, details, and logic" by examining "the facts peculiar to the business in which the restraint is applied, the nature of the restraint and its effects, and the history of the restraint and the reasons for its adoption." *Id.* at 581, 588 (internal quotation marks omitted) (quoting *Cipro*, 348 P.3d at 861–62). In a typical case, this might even require expert testimony on the definition of the relevant market and the extent of the defendant's market power. *Cipro*, 348 P.3d at 861. Given the facts alleged in Sandler's complaint, it is at least plausible that the non-compete provision at issue is enforceable under the rule of reason. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The purpose may be to incentivize sales efforts by promising the commissioned salesman commissions even if the seller replaces the salesman with another, which may in appropriate circumstances be permissible under *Ixchel*. The district court's dismissal was therefore premature,

3

and further factual development is required to determine whether the provision harms competition more than it helps.

Sandler does not challenge the district court's dismissal of its claim for theft of trade secrets or the dismissal of its claims for fraudulent and negligent misrepresentation. These issues are therefore waived. *Shivkov v. Artex Risk Sols., Inc.*, 974 F.3d 1051, 1061 (9th Cir. 2020) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999)). However, in light of the district court's error, Sandler should be granted leave to amend its complaint and replead the contract-related claims that the district court dismissed in its November 25, 2019 order dismissing the first amended complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995–96 (9th Cir. 2011). These claims were not voluntarily dismissed, because Sandler did not truly have a choice to replead them. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 577 (9th Cir. 2017). As Masergy conceded below, once the district court held in its first dismissal order that the non-compete provision was void, any attempt to replead these claims would have been futile. *See id.*

**AFFIRMED in part, REVERSED in part, and REMANDED.**

4